No. 22-2816

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| ASHOOR RASHO, PATRICE DANIELS, GERRODO FORREST, KEITH WALKER, OTIS ARRINGTON, DONALD COLLINS, JOSEPH HERMAN, HENRY HERSMAN, RASHEED McGEE, FREDRICKA LYLES, CLARA PLAIR, DESIREE HOLLIS, CRYSTAL STONEBURNER, and FREDERICK WALKER ) ) ) ) ) ) ) ) ) ) ) | Appeal from the United States District Court for the Central District of Illinois, Peoria Division |
|     Plaintiffs-Appellees, ) | No. 1:07-cv-01298-MMM |
| v. ) ) | |
| JOHN BALDWIN, EDDIE JONES, WILLARD O. ELYEA, WENDY BLANK, JOHN GARLIC, ROBERTA FEWS, and MELODY FORD, ) ) ) ) ) ) | The Honorable MICHAEL M. MIHM, |
|     Defendants-Appellants. ) | Judge Presiding. |

**MOTION FOR LEAVE TO FILE REPLY
IN SUPPORT OF DOCKETING STATEMENT**

Defendants-Appellants, Illinois Department of Corrections ("Department") officials in their official capacities, move this court for leave to file a reply in support of their docketing statement. In support of this motion, defendants state as follows:

1.　On September 13, 2022, the district court entered an order granting in part and denying in part defendants' motion to recover fee payments they had made pursuant to a contractual provision in a now terminated agreement and fee orders the district court had issued based on its entry of a permanent injunction against

defendants. Doc. 3629; *see* Docs. 2516, 2579, 2633 (permanent injunction and fee orders). Relevant here, the district court decided that plaintiffs could retain $1.9 million in fees under contractual agreements the parties had reached in May 2016, January 2020, and February 2020. Doc. 3629 at 5-7.

2. On September 30, 2022, defendants filed a motion asking the district court to enter an order under Fed. R. Civ. P. 54(b) allowing for immediate appeal and review of its September 13 order on their motion to recover fee payments. Doc. 3643.

3. On October 13, 2022, defendants filed a timely notice of appeal from the district court's September 13 order. Doc. 3649; *see* 28 U.S.C. § 2107(a) (setting 30-day deadline for notice of appeal); Fed. R. App. P. 4(a)(1)(A) (same).

4. On October 19, 2022, this court issued an order stating that its preliminary review of the short record indicated that the district court's September 13 order might not be a final and appealable judgment under 28 U.S.C § 1291 and directing defendants to file a brief memorandum by November 2, 2022, explaining why this appeal should not be dismissed for lack of jurisdiction. 7th Cir. Doc. 3. In its order, this court noted that the case was still pending in the district court, which presented a potential jurisdictional problem because a fee order generally is not appealable until a final judgment has been entered on the merits of the underlying case. *Id*. This court also stated that the Rule 54(b) motion that was pending in the district court seemed to recognize the "finality problem" caused by the existence of the ongoing district court proceedings. *Id*.

5.      On October 20, 2022, defendants filed a docketing statement as required by 7th Cir. R. 3(c). 7th Cir. Doc. 5. Defendants argued that, although a fee order generally may not be appealed until the underlying suit has concluded on the merits, the September 13 order was final and appealable under *Estate of Drayton v. Nelson*, 53 F.3d 165 (7th Cir. 1994). 7th Cir. Doc. 5 at 7-9. As in *Estate of Drayton*, where the fee order was immediately appealable because there was no realistic possibility that it would be altered during the remaining proceedings, 53 F.3d at 166-67, there is no realistic possibility that the September 13 order will be altered during the ongoing proceedings here because the fees were based on a permanent injunction that had been vacated on appeal and forms no part of the case that is pending in the district court. 7th Cir. Doc. 5 at 7-9.

6.      On October 31, 2022, this court issued an order stating that it would treat defendants' docketing statement as the memorandum required by its October 19 order and directing plaintiffs to file a response addressing the jurisdictional issue raised in the October 19 order. 7th Cir. Doc. 7.

7.      On November 4, 2022, plaintiffs filed their response, arguing that this court lacks jurisdiction over this appeal because defendants are in effect challenging the district court's December 2018 order, in which the court granted their motion for a permanent injunction and awarded them $1.9 million in fees. 7th Cir. Doc. 8; *see* Doc. 2516 (December 2018 order). Specifically, plaintiffs assert that defendants had to separately challenge the part of the district court's December 2018 order awarding $1.9 million in fees in their prior consolidated appeal from the district court's

3

permanent injunction orders—in which this court reversed the district court and vacated the injunction on which the fee award was based—and that defendants could not seek repayment of those fees on remand. *Id.* at 6-10. Plaintiffs, however, did not address defendants' arguments about *Estate of Drayton* or the effect of the ongoing district court proceedings on the finality of the September 13 order.

8. On November 14, 2022, the district court denied defendants' Rule 54(b) motion, ruling that a certificate of appealability was unwarranted because defendants could appeal the denial of their request to recover fees following the conclusion of the underlying case. Doc. 3661.

9. Defendants ask this court for leave to file the attached reply in support of their docketing statement to respond to the arguments that plaintiffs presented in their response, which do not address the arguments that were made in the docketing statement and, regardless, fail to establish that this court lacks jurisdiction over this appeal.

        Respectfully submitted,

        KWAME RAOUL
        Attorney General
        State of Illinois

By:  /s/ Frank H. Bieszczat
      FRANK H. BIESZCZAT
      Assistant Attorney General
      100 West Randolph Street
      12th Floor
      Chicago, Illinois 60601
      (312) 814-2090 (office)
      (773) 590-7075 (cell)
      Frank.Bieszczat@ilag.gov

No. 22-2816

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

| | |
|---|---|
| ASHOOR RASHO, PATRICE DANIELS, GERRODO FORREST, KEITH WALKER, OTIS ARRINGTON, DONALD COLLINS, JOSEPH HERMAN, HENRY HERSMAN, RASHEED McGEE, FREDRICKA LYLES, CLARA PLAIR, DESIREE HOLLIS, CRYSTAL STONEBURNER, and FREDERICK WALKER ) ) ) ) ) ) ) ) ) ) ) | Appeal from the United States District Court for the Central District of Illinois, Peoria Division |
|     Plaintiffs-Appellees, ) | No. 1:07-cv-01298-MMM |
| v. ) ) | |
| JOHN BALDWIN, EDDIE JONES, WILLARD O. ELYEA, WENDY BLANK, JOHN GARLIC, ROBERTA FEWS, and MELODY FORD, ) ) ) ) ) | The Honorable MICHAEL M. MIHM, |
|     Defendants-Appellants. ) | Judge Presiding. |

---

## REPLY IN SUPPORT OF DOCKETING STATEMENT

Defendants-Appellants, Illinois Department of Corrections ("Department") officials in their official capacities, submit this reply in support of their docketing statement.

1.    Defendants argued in their docketing statement that this court has jurisdiction over this appeal from the district court's September 13, 2022, order granting in part and denying in part their motion to recover fee payments they had made pursuant to a fee award the district court had issued based on its entry of a

permanent injunction against defendants that was later vacated on appeal. 7th Cir. Doc. 5. Specifically, defendants contended that this court has appellate jurisdiction under *Estate of Drayton v. Nelson*, 53 F.3d 165 (7th Cir. 1994), because there is no realistic possibility that the September 13 order will be altered during the ongoing district court proceedings, as the injunction on which the fee award was based has been vacated and forms no part of the case that is proceeding in the district court. 7th Cir. Doc. 5 at 7-9.

2.      In their response, plaintiffs do not address *Estate of Drayton* or the effect of the ongoing district court proceedings on the finality of the September 13 order. *See* 7th Cir. Doc. 8. They instead argue that jurisdiction is lacking because defendants are in effect attempting to take a second appeal from the district court's December 2018 order, in which the court granted their permanent injunction motion and awarded them $1.9 million in fees. *Id.* at 6-10. To that end, plaintiffs maintain that this court's judgment reversing the district court and vacating that injunction had no effect on their entitlement to those fees. *Id.* at 6-7. Plaintiffs contend that the September 13 order denying defendants' motion to recover fees is duplicative of the December 2018 order awarding fees and therefore cannot support an appeal. *Id.* at 8-9. Plaintiffs further argue that defendants are barred from challenging their entitlement to those fees by law of the case and waiver doctrines. *Id.* at 9.

3.      Plaintiffs' assertion that the September 13 order is duplicative of the December 2018 order, and thus cannot form the basis of an appeal, is incorrect. In the December 2018 order, the district court determined that defendants had violated

2

plaintiffs' Eighth Amendment rights, and granted a permanent injunction pursuant to section XXIX(g) of the May 2016 agreement, which authorized the court to enter an order granting relief for the violation of a federal right. *See* Doc. 711-1 at 30 (May 2016 agreement); Doc. 2516 at 2-16 (December 2018 order). The court also decided that plaintiffs were entitled to $1.9 million in fees under the parties' contractual agreement from January 2017 that plaintiffs would be entitled to those fees if the court entered an order under section XXIX(g) of the May 2016 agreement, because it was entering a permanent injunction under section XXIX(g). Doc. 2516 at 16-18.

    4.    After this court reversed the district court's Eighth Amendment ruling and vacated the permanent injunction, *see Rasho v. Jeffreys*, 22 F.4th 703 (7th Cir. 2022), defendants moved to recover the $1.9 million in fees that had been awarded based on the permanent injunction, arguing that the vacated injunction no longer had any legal effect, Doc. 3601 at 6-7. Defendants also sought recovery of roughly $873,000 in fees that were awarded in February 2019 for costs incurred during the litigation of plaintiffs' preliminary and permanent injunction motions. Doc. 2579 at 11-16. In the September 13 order, the district court granted that motion in part and denied it in part. Doc. 3629. The court held that plaintiffs must return the $873,000 award because they were no longer prevailing parties after this court had vacated the permanent injunction, but that plaintiffs could retain the $1.9 million award under the parties' intervening January and February 2020 fee agreements, as well as its interpretation of the May 2016 agreement. *Id.* at 5-7.

3

5.      A comparison of the two orders, and the filings that preceded them, reveals that the December 2018 order and the September 13 order are not duplicative because they address two different issues raised by two different sets of facts.  In the December 2018 order, the district court ruled that defendants had violated plaintiffs' Eighth Amendment rights and, based on that ruling, granted a permanent injunction and awarded $1.9 million in fees under the May 2016 and January 2017 agreements.  *See* Doc. 2516.  In the September 13 order, by contrast, the court considered whether plaintiffs could retain the $1.9 million award even though the permanent injunction that triggered that award had since been vacated.  *See* Doc. 3629.  Whether plaintiffs were entitled to the $1.9 million when the injunction was issued and whether they can retain that money after the injunction was vacated are two separate issues.  And the issue of whether plaintiffs can retain the $1.9 million involves facts regarding the effect of the January and February 2020 fee agreements and this court's judgment vacating the permanent injunction that did not exist when the December 2018 order was entered.  Plaintiffs' assertion that the December 2018 and September 13 orders are duplicative overlooks these critical differences.

6.      In addition, plaintiffs' argument that defendants are trying to pursue a second appeal from the December 2018 order "on the exact same issue that was part of the first appeal," 7th Cir. Doc. 8 at 8, rests on a misunderstanding of defendants' position.  In their motion to recover fees, defendants argued that plaintiffs were no longer entitled to either the $1.9 million or $873,000 fee award after this court had vacated the injunction on which those awards were based.  Doc. 3601 at 6-8.  They

did not challenge the December 2018 order or argue that the district court erred by awarding fees at the time the injunction was granted. Instead, they contended that plaintiffs must repay those fees because they depended on an injunction that no longer had any legal effect after it was vacated by this court. *Id.* The district court agreed with defendants as to the $873,000, but not as to the $1.9 million. Doc. 3629. This appeal challenges the court's September 13 decision that plaintiffs could retain the $1.9 million after the permanent injunction was vacated, not its December 2018 ruling that plaintiffs were entitled to fees at the time the injunction was issued.

7. Plaintiffs' other arguments—that they are entitled to the $1.9 million despite the vacatur of the permanent injunction and that defendants are barred from making their arguments by principles of waiver and law of the case doctrine—*see* 7th Cir. Doc. 8 at 6-7, 9, go to the merits of the appeal, rather than jurisdiction, and are incorrect in any event.

8. As explained, plaintiffs were entitled to $1.9 million in fees under the May 2016 and January 2017 agreements only if the district court entered an order under section XXIX(g) of the May 2016 agreement granting relief for the violation of a federal right. *See* Doc. 711-1 at 30 (May 2016 agreement); Doc. 1091 at 3 (January 2017 agreement). The district court entered orders finding a violation of a federal right and granting relief under section XXIX(g). *See* Docs. 2516, 2579, 2633. This court then reversed those orders and vacated the corresponding injunction on appeal. *See Rasho*, 22 F.4th at 710-14. Given that the vacated injunction no longer has any legal effect, *see, e.g.*, Black's Law Dictionary (11th ed. 2019) (defining "vacate" as to

5

"nullify or cancel; make void; invalidate"), it cannot give rise to the $1.9 million fee award. While the district court properly ordered plaintiffs to return the $873,000, it erred by allowing them to retain the $1.9 million, when both awards were based on the same vacated injunction.

9. Finally, waiver and law of the case doctrines do not prohibit defendants from challenging the district court's ruling that plaintiffs can retain the $1.9 million in this appeal. To begin, neither waiver nor the law of the case doctrine affects this court's jurisdiction. *See Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 683 (7th Cir. 2001) ("Waiver affects, not a court's power to hear the case, but whether as a practical matter it has any job to do."); *United States v. Gill*, 889 F.3d 373, 376 n.1 ("the law-of-the-case doctrine is not a limit on our power to hear an appeal"). This court would therefore have jurisdiction over this appeal even if plaintiffs' arguments on this issue were correct. Also, as defendants explained in the district court, they could not have appealed the fee award, which was then an interim award, during the earlier appeal under either the pendant order or collateral order doctrine. *See* Doc. 3616 at 6-7 (citing *Palmer v. City of Chi.*, 806 F.2d 1316, 1317-20 (7th Cir. 1986)). And this court would have jurisdiction over this appeal even if defendants could have challenged the $1.9 million fee award earlier. *See Rubin v. The Islamic Rep. of Iran*, 637 F.3d 783, 791 (7th Cir. 2011) (failure to timely appeal under the collateral order doctrine "postpones review until another appealable order is entered").

10. Regardless, defendants are not challenging the December 2018 order in this appeal or arguing that the district court erred by awarding $1.9 million in fees

when the permanent injunction was issued. Defendants are instead appealing from the September 13 order, in which the court decided the separate issue of whether plaintiffs could retain the $1.9 million award after the injunction on which it was based had been vacated. Defendants could not have appealed that decision earlier, and this court has jurisdiction over this appeal for the reasons given in defendants' docketing statement and this reply.

        Respectfully submitted,

        KWAME RAOUL
        Attorney General
        State of Illinois

By:  /s/ Frank H. Bieszczat
      FRANK H. BIESZCZAT
      Assistant Attorney General
      100 West Randolph Street
      12th Floor
      Chicago, Illinois 60601
      (312) 814-2090 (office)
      (773) 590-7075 (cell)
      Frank.Bieszczat@ilag.gov

## CERTIFICATE OF FILING AND SERVICE

I certify that on November 21, 2022, I electronically filed the foregoing **Motion for Leave to File Reply in Support of Docketing Statement** with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participant in this appeal is a CM/ECF user and will be served by the CM/ECF system:

| | |
|---|---|
| Samantha Rose Reed | Harold C. Hirshman |
| samantha@equipforequality.org | harold.hirshman@snrdenton.com |

<u>/s/ Frank H. Bieszczat</u>
FRANK H. BIESZCZAT
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2090 (office)
(773) 590-7075 (cell)
Frank.Bieszczat@ilag.gov