No. 22-2816

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| ASHOOR RASHO, PATRICE DANIELS, GERRODO FORREST, KEITH WALKER, OTIS ARRINGTON, DONALD COLLINS, JOSEPH HERMAN, HENRY HERSMAN, RASHEED McGEE, FREDRICKA LYLES, CLARA PLAIR, DESIREE HOLLIS, CRYSTAL STONEBURNER, and FREDERICK WALKER | ) ) ) ) ) ) ) ) ) ) ) | Appeal from the United States District Court for the Central District of Illinois, Peoria Division |
| Plaintiffs-Appellees, | ) ) | No. 1:07-cv-01298-MMM |
| v. | ) ) | |
| LATOYA HUGHES, EDDIE JONES, WILLARD O. ELYEA, WENDY BLANK, JOHN GARLIC, ROBERTA FEWS, and MELODY FORD, | ) ) ) ) ) | The Honorable MICHAEL M. MIHM, |
| Defendants-Appellants. | ) ) | Judge Presiding. |

**STATUS REPORT**

Defendants-Appellants, Illinois Department of Corrections officials in their official capacities, file this status report regarding the disposition of plaintiffs' Rule 59(e) motion, as required by this court's order, entered on November 27, 2023.

1.     On October 13, 2022, defendants filed a timely notice of appeal from the district court's September 13, 2022 order granting in part and denying in part their motion to recover fee payments. Doc. 3649 (notice of appeal); *see* Doc. 3629 (district court order on fees).

2.      On October 19, 2022, this court issued an order stating that its preliminary review of the short record indicated that the September 13 order might not be a final appealable judgment under 28 U.S.C. § 1291 because the case was still pending in the district court, and directing defendants to file a brief memorandum explaining why this appeal should not be dismissed for lack of jurisdiction.  7th Cir. Doc. 3.

3.      On October 20, 2022, defendants filed a docketing statement, which was treated as a jurisdictional memorandum, with this court, contending that this court had jurisdiction to review the fee payment order under *Estate of Drayton v. Nelson*, 53 F.3d 165 (7th Cir. 1994).  7th Cir. Doc. 5.

4.      On October 23, 2023, the district court issued an order dismissing this action for lack of subject matter jurisdiction.  Doc. 3745.  A separate judgment order was entered on the district court docket pursuant to Fed. R. Civ. P. 58 the next day. Doc. 3746.

5.      On November 1, 2023, defendants filed a timely notice of appeal from the Rule 58 judgment.  Doc. 3747; *see* 28 U.S.C. § 2107(a) (setting 30-day deadline for notice of appeal); Fed. R. App. P. 4(a)(1)(A) (same).  That appeal has been docketed in this court as *Rasho v. Hughes*, No. 23-3110.

6.      On November 2, 2023, plaintiffs filed a timely motion in the district court to vacate the dismissal order under Fed. R. Civ. P. 59(e).  Doc. 3750; *see* Fed. R. Civ. P. 59(e) (setting 28-day deadline).

7.     On November 30, 2023, the district court denied plaintiffs' Rule 59(e) motion.  Doc. 3755.

8.     On December 6, 2023, plaintiffs filed a "renewed" Rule 59(e) motion in the district court, arguing that the court should have granted their first Rule 59(e) motion.  Doc. 3756.  On December 7, 2023, defendants filed a status report in appeal No. 23-3110 notifying the court of the new motion and stating that it had no effect on this court's jurisdiction over that appeal.  7th Cir. (23-3110) Doc. 11.

9.     This court has jurisdiction over appeal No. 23-3110 because the notice of appeal that was filed on November 1, 2023, became effective on November 30, 2023, when the district court denied plaintiffs' first Rule 59(e) motion.  *See* Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i).  As defendants explained in the status report they filed in appeal No. 23-3110, this court did not lose jurisdiction over that appeal when plaintiffs filed their second Rule 59(e) motion because that motion has no jurisdictional effect.  *See* 7th Cir. (23-3110) Doc. 11.

10.     Although this court now has jurisdiction over appeal No. 23-3110, defendants request that this court wait to dismiss this appeal as unnecessary until either the district court disposes of plaintiffs' second Rule 59(e) motion, or this court takes some action confirming that its jurisdiction over appeal No. 23-3110 is secure. That is because if, for some reason, appeal No. 23-3110 were dismissed for lack of a final judgment, then defendants would be left without an appeal even though they continue to maintain that this court would have jurisdiction over this appeal for the reasons given in their earlier filings.  *See* 7th Cir. Docs. 5, 12.

3

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By:   /s/ Frank H. Bieszczat
FRANK H. BIESZCZAT
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2090 (office)
(773) 590-7075 (cell)
Frank.Bieszczat@ilag.gov

4

## CERTIFICATE OF FILING AND SERVICE

I certify that on December 11, 2023, I electronically filed the foregoing Status Report with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this appeal are CM/ECF users and will be served by the CM/ECF system:

Harold C. Hirshman                         Nicole Schult
harold.hirshman@snrdenton.com              nicole@uplcchicago.org


/s/ Frank H. Bieszczat
FRANK H. BIESZCZAT
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2090 (office)
(773) 590-7075 (cell)
Frank.Bieszczat@ilag.gov